UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REGINALD DANCY,

    Defendant.
_____/

Case No. 03-cr-80981-2

Honorable Nancy G. Edmunds

**OPINION AND ORDER RE DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR MAXIMUM RRC/HALFWAY HOUSE PLACEMENT [266]**

Defendant Reginald Dancy is currently in the custody of the Federal Bureau of Prisons (FBOP) at Federal Correctional Institute Allenwood Low. (Dkt. no. 264.) Pending before the Court is Defendant's motion for judicial recommendation for maximum RRC/halfway house placement. (Dkt. no. 266.) For the reasons set forth below, the Court will deny without prejudice Defendant's motion but the Court does not object to the FBOP granting him the placement he requests.

On May 25, 2005, Defendant entered a plea of guilty to one count of continuing a criminal enterprise, 21 U.S.C. § 848(a), (c), pursuant to a rule 11 Plea Agreement. (Dkt. no. 185.) This Court sentenced Defendant to be imprisoned for a term of 240 Months, followed by a three-year term of supervised release. (Dkt. no. 198.) The Court entered a judgment on October 18, 2005. (Dkt. no. 198.) Defendant alleges a projected release date of January 14, 2021. (Dkt. no. 266.) Defendant filed the instant motion for an order regarding release to a residential reentry center ("RRC") or halfway house placement

1

and on April 7, 2020, Defendant filed a Supplement to his motion. (Dkt. no. 266, 269.) The Government failed to respond and in Defendant's supplement, Defendant alleges that he spoke with the Assistant United States Attorney on this matter and that the Government takes no position on Defendant's motion. (Dkt. no. 269.)

This motion takes places against the backdrop of a pandemic unprecedented in our lifetimes. The prison system has not been exempt from concerns or cases of COVID-19 within its population. In this motion, Defendant requests a judicial recommendation that the FBOP place him in a residential reentry program or halfway house. He alleges that he was qualified to enter such a program on January 14, 2020. In his supplemental brief, he notes that three months of the twelve month placement time has already passed, and that due to COVID-19 testing and isolation to which he may be subject prior to release to a program, even more time will have passed of his placement program, if granted. (Supplement to Br. 1-2, dkt. no. 269.) Defendant states that he should be considered for a judicial recommendation for the following reasons: He has been incarcerated for almost 17 years with only a single disciplinary infraction, for possession of a cell phone; while incarcerated he completed and/or participated in numerous programs, classes and activities as listed in a BOP Inmate Education Data document at Exhibit 2 to his motion; and he is a non-violent offender. (Dkt. no. 266.)

Under the Second Chance Act, the FBOP may place prisoners in a community correctional facility or home confinement during the final months of their terms of imprisonment to prepare them for reentry into the community. *See* 18 U.S.C. § 3624(c). The FBOP makes such a determination based on the factors set forth in 18 U.S.C. § 3621(b). *See* 18 U.S.C. § 3624(c)(4); *Sacora v. Thomas*, 628 F.3d 1059, 1067 (9th Cir.

2010). One of the factors to be considered is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). The Court's recommendation does not have a binding effect on the FBOP, which has "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' . . . ." *Tapia v. United States*, 564 U.S. 319, 331 (2011). The FBOP, "not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 Fed. Appx. 373, 378 (6th Cir. 2015). The Court notes that there is disagreement among courts whether the Court has authority to make such a recommendation after it enters judgment. *See generally Carter v. United States*, 2018 WL 2376513, at *2-3 (E.D. Wisc. May 24, 2018) (summarizing courts' wide-ranging views as to whether the court has authority to make prison placement and programming recommendations on a prisoner's post-sentencing motion). Further, any recommendation from the sentencing court is non-binding on the FBOP and is usually made at the time judgment is entered. *See* 18 U.S.C. § 3621(b).

The Court commends Defendant for the work he has done to prepare himself to live a law-abiding life. The Court acknowledges, however, that the FBOP is in the best position to evaluate whether Defendant meets the requirements to qualify for placement in a RRC or halfway house. In light of the foregoing, the Court does not make a

recommendation to the FBOP, but does not object to Defendant's request for placement in such a program. Defendant's motion is denied without prejudice.

    SO ORDERED.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated: April 22, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2020, by electronic and/or ordinary mail.

                                      s/Lisa Bartlett
                                      Case Manager